## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Suzy St. John
Marion County Public Defender –
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Gordon Childress,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

March 3, 2016

Court of Appeals Cause No.
49A02-1506-CR-720

Appeal from the Marion Superior Court

The Honorable Linda E. Brown, Judge, *Pro Tempore*

Trial Court Cause No. 49G10-1412-CM-54449

**Bradford, Judge.**

# Case Summary

In December of 2014, Appellant-Defendant Gordon Childress was charged with Class A misdemeanor theft after he and a friend attempted to steal a reciprocating saw and some Febreeze air fresheners from an Indianapolis-area Home Depot store. Following a June 9, 2015 bench trial, Childress was found guilty as charged and was sentenced to a term of 365 days. As part of his sentence, Childress was ordered to stay away from all Home Depot stores located in Marion County for 363 days (the "stay-away order"). Childress subsequently filed the instant appeal, arguing that the trial court abused its discretion in sentencing him. The trial court issued an amended sentencing statement on December 11, 2015, clarifying that Childress was given credit for two days served and the remaining 363 days of his sentence were suspended. The amended sentencing statement again included the stay-away order.

On February 19, 2016, Childress and Appellee-Plaintiff the State of Indiana (the "State") filed a joint motion to remand the matter to the trial court. In this joint motion, the parties asserted that the trial court lacked jurisdiction to issue the amended sentencing statement because the instant appeal had already been filed. The parties also asserted that because the trial court did not place Childress on probation, the stay-away order must be vacated. Concluding that the parties' assertions in the joint motion are correct, we grant the parties' joint motion. In doing so, we reverse the sentencing order of the trial court and remand the matter to the trial court with instructions to enter an order that is consistent with this memorandum decision.

# Facts and Procedural History

[3] On December 9, 2014, Ryan Taylor, an Asset Protection Specialist at the Home Depot store located at 21st Street and Post Road in Indianapolis, observed Childress enter the store with Debra Lamb. During their visit to the store, Taylor observed Lamb place several items, including a reciprocating saw and some Febreeze air fresheners, into Lamb's purse. Neither Childress nor Lamb attempted to pay for the items placed in Lamb's purse.

[4] After Lamb walked past all points of purchase, Taylor approached and detained Lamb and Childress. Childress and Lamb initially indicated that Childress had nothing to do with the theft. However, Childress subsequently indicated that he had agreed to participate in the theft because neither he nor Lamb were working and they needed money to pay their rent and to buy cigarettes, groceries, and gas. Taylor subsequently recovered the reciprocating saw and the Febreeze air fresheners from Lamb's purse.

[5] On December 9, 2014, the State charged Childress with Class A misdemeanor theft. Pursuant to the State's request, the trial court ordered Childress to stay away from all Home Depot stores located in Marion County until the conclusion of trial. On June 9, 2015, following the conclusion of a bench trial, the trial court found Childress guilty.

[6] At sentencing, the State requested that a stay-away order "be in place for a year from the Home Depot stores." Tr. p. 72. The trial court sentenced Childress to a term of 365 days, with credit for two days of time served, and ordered

Childress to complete sixty-four hours of community service, with credit for twenty-eight hours which had already been completed. The trial court also issued the requested stay-away order.

[7] The trial court's oral sentencing statement and written sentencing order initially contained conflicting information as to whether the remaining 363 days of Childress's sentence were to be served in the Marion County Jail or were suspended. The trial court later amended its sentencing order to specify that the remaining 363 days were suspended. This amended sentencing statement was issued after the instant appeal had be initiated.

[8] On February 19, 2016, Childress and the State filed a joint motion requesting this court to remand the matter to the trial court. In this joint motion, the parties jointly assert that although the trial court's amended sentencing statement reflected the parties' understanding of the original sentence imposed against Childress, the trial court lacked jurisdiction to issue the amended sentencing statement because the instant appeal had already been filed. The parties also agreed that pursuant to Indiana Code sections 35-50-7-1 and 35-50-7-2, a stay-away order may only be issued when the defendant is placed on probation. Accordingly, the parties jointly assert that because the trial court did not place Childress on probation, the stay-away order must be vacated.

# Discussion and Decision

# I. Remand for Correction of Sentencing Order

[9] As the above-stated facts indicate, there was initially an inconsistency between the trial court's oral and written sentencing statements as to whether 363 days of Childress's sentence was to be executed in the Marion County Jail or suspended. On December 11, 2015, the trial court issued an amended sentencing statement in which it clarified that the 363 days in question were suspended. However, despite the fact that the amended sentencing statement accurately reflected the parties' understanding of the original sentence imposed against Childress, the trial court lacked jurisdiction to issue the amended sentencing order because the instant appeal had already been filed. *See generally*, Ind. Appellate Rule 8. As such, we grant the parties' joint motion and remand the instant matter to the trial court with instructions for the trial court to enter an amended sentencing order which is consistent with the trial court's December 11, 2015 amended sentencing statement.

# II. Stay-Away Order

[10] Indiana Code section 35-50-3-1 provides that a trial court "may suspend any part of a sentence for a misdemeanor" and, if the trial court does so, "it *may* place the person on probation." (Emphasis added). When an individual is placed on probation, the trial court "*may* issue an order … that prohibits the person from entering the: (1) area or property where an offense was committed by the person[.]" Ind. Code § 35-50-7-2 (emphasis added).

[11]     Indiana Code section 35-50-7-2 clearly indicates that a stay-away order may only be issued when a defendant is placed on probation. The parties assert that because Childress was not placed on probation, the trial court abused its discretion in imposing the stay-away order. The parties therefore request that on remand, the trial court be instructed to vacate the stay-away order. Given the language of Indiana Code section 35-50-7-2, we conclude that because the trial court did not place Childress on probation, the issuance of the stay-away order amounted to an abuse of the trial court's discretion. We therefore reverse the sentencing order of the trial court and remand the matter to the trial court with instructions to enter a new order consistent with this opinion.[1]

[12]     The judgment of the trial court is reversed and remanded with instructions.

Baker, J., and Bailey, J., concur.

---

[1] In granting the parties' joint motion, we also grant the parties' joint request to vacate the oral argument scheduled in this matter for April 14, 2016.